

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN, TEXAS 78711

CRAWFORD C. MARTIN
ATTORNEY GENERAL

June 29, 1971

Honorable Hugh C. Yantis, Jr.         Opinion No. M-894
Executive Director
Texas Water Quality Board         Re:    Power to Contract on behalf of
1108 Lavaca Street                         State for increased Federal
Austin, Texas 78701                        grants under the Federal Water
                                                    Pollution Control Act.

Dear Mr. Yantis:

        You request our opinion as to the powers of the Texas Water Quality
Board, acting through you as Executive Director thereof, to bind the State
of Texas under a certification and agreement with the Federal Government
to provide state financial assistance of not less than 25% of the estimated
reasonable cost of construction of every waste treatment works project in
this State on which the Federal Government makes a grant offer under Section
8(b) of the Federal Water Pollution Control Act (33 U.S.C. 1158) and on which
a construction contract had not been let prior to July 1, 1970.   Your opinion
request is predicated on the adoption by the people of the State of Texas on
May 18, 1971, of the constitutional amendment codified as Article III, Section
49-d-1, Constitution of Texas, and the passage by the 62nd Texas Legislature
at its Regular Session, 1971, of House Bills Nos. 1412 and 1440, which es-
tablish a program authorizing the sale of State bonds to obtain funds with which
to provide state financial assistance for the construction of waste treatment
works.

        We have previously issued Attorney General Opinion No. M-822 (1971),
in which we approved the State of Texas Water Pollution Control Compact as a
State Agency to provide the state construction assistance required under the
Federal Water Pollution Control Act, on the basis of which you state you have
previously submitted a certification and agreement with an effective date of
April 15, 1971.

        The effect of your present request is to inquire whether you may make
a new certification and agreement based on the recently established state bond
program, supplemented by the State of Texas Water Pollution Control Compact,
and move the effective date of the state construction assistance program back
to July 1, 1970.   In connection with this opinion request, you have submitted the
following items:

-4353-

       (a) Excerpt from the minutes of the meeting of the Texas Water Quality Board on May 20, 1971, authorizing the new certification and agreement with an effective date of July 1, 1970, and authorizing the Executive Director to execute it on behalf of the Board.

       (b) The new certification and agreement dated June 22, 1971, (with an effective date of July 1, 1970), to be submitted to the Environmental Protection Agency.

       (c) Proposed proclamation suggested for issuance by the Governor of Texas approving the new certification and agreement.

The specific questions you ask are as follows:

       (1) Is the new certification and agreement dated June 22, 1971, valid and binding on the State of Texas?

       (2) Is the Executive Director of this agency, acting on behalf of and pursuant to the directive of the Texas Water Quality Board, authorized to execute the new certification and agreement and bind the State?

       (3) Should the new certification and agreement be approved by the Governor?

       (4) If your answer to question (3) is in the affirmative, will the enclosed proclamation suggested for issuance by the Governor satisfy the requirement of the Governor's approval?

All four questions are answered in the affirmative. Reference is made, however, to our recommendation discussed hereafter concerning the date of issuance of bonds.

Your organic law authorizes agreements with the Federal Government. Section 3.25, Texas Water Quality Act; Article 7621d-1; Section 21.087, Texas Water Code. This law specifically relates to the Texas Water Quality Board and provides with reference to federal grants:

"Sec. 3.25. The board may execute agreements with the Department of the Interior, the Federal Water Pollution Control Administration or any other federal agency that administers programs providing federal cooperation, assistance, grants, or loans for research, development, investigation, training, planning, studies programming, and construction related to methods, procedures, and facilities for the collection, treatment, and disposal of waste or other water quality control activities. The board may accept federal funds for these purposes and for other purposes consistent with the objectives of this Act and may use the funds as prescribed by law or as provided by agreement."

To further assure that the Texas Water Quality Board can contract with the United States Government on behalf of the State of Texas, your attention is invited to your further authorizations found in Section 7.12 of House Bill 1440, Acts of the 62nd Leg., Regular Session, effective May 14, 1971. Related authority and support for such contracts by the Texas Water Quality Board on behalf of the State of Texas is found in Section 20 of House Bill 1412, Acts of the 62nd Leg., Regular Session, effective May 31, 1971; Section 21.095, of the Texas Water Code.

In view of the foregoing discussion of the statutory authority of your Board to contract and consideration of the resolution of the Texas Water Quality Board, dated May 20, 1971, authorizing you as Executive Director to sign for the Texas Water Quality Board, it is our opinion that you are empowered to bind the State, with an effective date of July 1, 1970, subject to the approval by the Governor, as hereinafter discussed. The Amendment becomes effective upon the ascertainment that it received a majority of the votes cast at the election. Attorney General Opinion No. O-6821 (1945) and cases there cited.

With respect to the issuance of bonds under the State water quality enhancement program, reference is made to Article 9.32 of the Texas Election Code which reads in part as follows:

"Within sixty (60) days from the date of any election upon any proposed amendment to the Constitution, and not thereafter, any citizen of this State who is a qualified voter, should have the right to contest said election by filing his petition in a district court of Travis County, fully stating his grounds for contest, . . . "

We interpret this provision as providing a limitation statute for the bringing of suits to contest such election; it does not suspend the effective date of the election.

Section 49-d-1 was added to Article III of the Texas Constitution by the Texas electorate at an election held on May 18, 1971. The official canvass of this election was conducted on June 4, 1971, which confirmed the adoption of the constitutional provision. The amendment became effective as a part of the organic law of this State on that date. See Attorney General's Opinions Nos. O-6821 (1945), supra; S-148 (1954) and M-318 (1968). It is our suggestion, however, that no bonds be issued based on the constitutional provision until after the sixty day election contest limitation period has passed to facilitate the approval of the bonds by this office, as required by law. However, this does not in any way limit the authority of the State of Texas to make at this time a valid and binding certification and agreement with the Federal Government.

Any contract with the Federal Government by the Texas Water Quality Board must bear the approval of the Governor of Texas. Article IV, Section 10, Texas Constitution. This requirement for the Texas Governor's approval is explained in Opinion M-312 (1968) dated December 10, 1968. The proposed proclamation of the Governor submitted with your opinion request will satisfy this requirement.

## SUMMARY

The Texas Water Quality Board, through its Executive Director, acting for and on behalf of the State of Texas, may contract now with the Federal Government for the increased percentage limitations for Federal grants available under Section 8 of the Federal Water Pollution Control Act. The Governor of Texas must approve the Federal Contract.

Yours very truly,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by Kerns Taylor
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

W. E. Allen, Acting Chairman

Joseph Sharpley
Z. T. Fortescue
S. J. Aronson
Michael Stork

MEADE F. GRIFFIN
Staff Legal Assistant

ALFRED WALKER
Executive Assistant

NOLA WHITE
First Assistant